IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE A. JACKSON, R31861, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MAC-SHANE FRANK, DAVID HESS. | )   Case No. 21-cv-423-DWD ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on four pending discovery motions filed by pro se Plaintiff Maurice Jackson. (Docs. 52, 53, 57, 59). The underlying lawsuit concerns one claim of failure to protect against Defendants Mac-Shane Frank and David Hess for their alleged failure to act on Plaintiff's notice to them that he was going to be attacked by fellow inmates. Merits discovery is ongoing pursuant to the terms set forth in the Court's scheduling order. (Doc. 49). Per the schedule, Plaintiff submitted interrogatories and requests for production. Following his discovery requests, Plaintiff has filed two motions to compel (Docs. 52, 53), the Defendants have responded (Docs. 54, 56), he has replied (Doc. 55), and he has filed two supplementary motion to compel (Docs. 57, 59). Defendants have moved for leave to file a response to his supplemental motion (Doc. 58).

The Court notes that Plaintiff's Motions at documents 52 and 53 are nearly identical. The only apparent difference is that page 5 of document 53 is dated, whereas

page 5 of document 52 was not specifically dated. The Court will treat document 53 as operative, and it will deny 52 as moot because it is duplicative. The Defendants filed two separate responses that did not acknowledge the duplicity of the motions. Substantively, the responses are the same, although there are some slight differences. *Compare* (Doc. 54, 56).

In the operative motion to compel, Plaintiff contends that the Defendants disregarded and refused to answer interrogatories 1, 2, 3, 4, 5, 7, 10, 11, and 13. (Doc. 53 at 2). He notes that they also objected to interrogatories 6, 8, 9, 12, and 13. As to the requests for production of documents, he claims that they objected to numbers 1-6. (Doc. 53 at 3). Plaintiff argues that the discovery material he seeks is relevant and material to his understanding of the defendants' duties and roles with respect to emergency correspondence from inmates. (Doc. 53 at 3-4). As to the requests for production, he argues that request 3 will help him to determine if the defendants have a history or pattern of similar behavior. (Doc. 53 at 4-5). He argues that the defendants never responded to requests 4 or 5 because their initial disclosures do not include the information he seeks. Finally, as to request 6, he argues that it is relevant to determine if Defendants understood and followed institutional directives. The Court will address each contention in turn.

The Federal Rules of Civil Procedure govern discovery. Rule 33(a)(2) provides that "an interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" "The grounds for

objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Rule 34(b)(2)(C) provides the same standard for objections to requests for production. Rule 37 allows a party to move for an order compelling disclosure or discovery, if she or he has in good faith conferred or attempted to confer with the party who failed to make the disclosure. Fed. R. Civ. P. 37(a)(1).

Plaintiff did not comply with Rule 37(a)(1) because he did not confer with Defendants to attempt to resolve the discovery issues prior to filing a motion. The Court will not tolerate this in the future and may impose penalties should the Plaintiff fail to comply the duty to confer prior to filing a motion to compel. However, for the sake of efficiency, it will rule on the present motions.

Plaintiff contends that the responses to interrogatories 1, 2, 3, 4, 5, 7, 10, 11 and 13 were insufficient, but he provides no detail about these interrogatories. To the extent he believes there is a problem with these interrogatories, he did not make the problem sufficiently clear, so his motion to compel is denied in this respect. As to interrogatories 6, 8, 9, 12 and 13, he takes issue with Defendants' objections. The interrogatories are as follows:

> (6) Would it be a breach of protocol or reckless disregard if an inmate wrote an emergency letter for help, that he was in danger of an assault by inmates, to an employee, and that employee ignored the letter/emergency call for help?
>
> Defendants' response:   the question is an "incomplete hypothetical, vague, overbroad in time and scope, irrelevant, and not proportional to the needs of the case." It calls for an involuntary legal conclusion.

Plaintiff's underlying claim is that the Defendants failed to protect him from an attack by fellow inmates, which he warned them about in writing a few days before it occurred. Although a request can call for an opinion that relates to fact or the application of law to fact, this contention goes farther and asks for a pure legal conclusion by asking if ignoring an emergency constitutes reckless disregard. Furthermore, to the extent that Plaintiff asks if ignoring an emergency is a violation of policy, that answer even if appropriate would not help him because a violation of a prison policy is not a constitutional violation and is not an element of failure to protect. Accordingly, Plaintiff's motion to compel as to interrogatory 6 is denied.

>  (8) Have you ever had a claim of failure to protect raised against you, or been accused of being deliberate indifferent to an inmate's health and safety?
>
> Defendants' response: Defendant objects to this request as it is overly broad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)(1). Complaints in the form of grievances are only maintained in the files of the offenders filing them and are not organized by the subject or personnel named in the complaint. This request would require the manual review of every grievance filed by every offender who was present in a facility while Defendant worked there. Moreover, complaints by others are irrelevant to whether Plaintiff's rights were violated in this case.

To the extent Plaintiff asks about deliberate indifference to inmate health, his request is irrelevant to his underlying claim about a failure to protect. To the extent that he seeks information about failure to protect claims against the two defendants, he does not call for a listing of each and every instance ever recorded. A response, even from personal

recollection, by the defendants would be more responsive than a blanket assertion that this query is too broad. Thus, the request as to interrogatory 8 is denied as to medical issues, but is granted solely as to defendants' personal recollection of past allegations of failure to protect.

    (9) If so, how many times.

    Defendants' response: same as the response to interrogatory 8.

Consistent with the ruling on interrogatory 8, Defendants shall respond to this interrogatory on personal recollection, but they are not required to review institutional grievances for all offenders.

> (12) When a counselor cleans out the counselor's request slip box, belonging to several other counselors; are these request slips separated from his wing, from the request slips belonging to the other counselors wing?
>
> For example: If John have C-wing and Joe have D-wing, and Joe cleans the request slip box and picks up all the request slips, what happens…? Do Joe place the request slips from his wing on his own desk, and then given the request slips from John's wing to John or place them on John's desk? What happens?
>
> Note: The reason I ask this is because, while I was in seg in Pinckneyville, I asked the seg counselor, "why didn't you respond to my call for help, when I put my emergency letter in the box," and he stated i.e. "D-wing unit wasn't my wing, so I wouldn't have read your kyte (letter). Counselors are giving their own request slips form their wings once sorted, but unless absent for a period of time."
>
> Defendants' response:    Defendant objects base don the question being an incomplete hypothetical, vague, overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.

There is no claim in this lawsuit concerning the handling of grievances or other inmate-counselor correspondence, so this discovery request appears irrelevant. Because the request is irrelevant it will be denied.

Interrogatory 13 went unanswered because Defendants' contended that they could not read or understand it. In their most recent response to the discovery requests, they indicate they have now sent Plaintiff a response. The Court will assume at present that the discovery request has been satisfied.

Next, the Court will assess the concerns regarding the requests for production (RFP). Plaintiff rescinded his contention of the response to RFP 1 in his supplemental motion (Doc. 57 at 2), so it will not be discussed. He still contends the response to RFPs 3-6 are insufficient.

> (3) Any disciplinary or employee action records on, the named defendants concerning failure to protect and deliberate indifference.
>
> Defendants' response:   Defendants object to this request as irrelevant to the claims made. Defendants further object to this request as it is overbroad in scope and time.
>
> Further, employment files of state employees are presumptively confidential. Ill. Admin. Code, tit. 80 § 304.40. *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, 2013 WL 84702, at *6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file….Absent a finding of relevance, this privacy interest remains paramount.")

As with Plaintiff's requests in the interrogatories about this same issue, the request for records concerning deliberate indifference is irrelevant, so it does not require a response.

As to records in the defendants' employee files concerning any personnel discipline for failure to protect—the defendants are directed to produce any such documents for in camera review so that the Court can determine if the documents contain sensitive information and if their contents are relevant to Plaintiff's case. If there are not any such documents, the defendants should make that clear in a response to this request for production that is more detailed than the current response.

  (4) All documents identified in your answers to Plaintiff's First set of interrogatories and/or all documents that were relied upon, utilized or received, while preparing each defendant's answers.

  Defendants' response: Defendants direct Plaintiff to bates numbers 000001-000559 previously produced in their Initial Disclosures, and the attached bates numbers 000560-000563.

Defendants indicate that they have responded, and Plaintiff does not make it clear what about the response is insufficient, so the Court will not act on this request.

  (5) Any and all physical evidence concerning the subject matter alleged in Plaintiff's complaint (including any letters sent to you of plaintiff's concerns of his safety) or that you intend to use in support of summary judgment or trial (including video surveillance videos, visual recorded images, reports, diagrams and objects).

  Defendants' response: Defendants direct Plaintiff to bates numbers 000001-000559 previously produced in their Initial Disclosures, and attached bates numbers 000560-000563.

Again, the Court will not act on this request, because it appears that Defendants fulfilled this discovery request.

  (6) Pickneyville's completed institutional directives, submitted this 16th day of February, 2022.

> Defendants' response: Defendants object to this request as it is irrelevant to the claims made. Defendants further object to this request as it is overbroad in scope and time. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") Plaintiff's claims in this suit involve his incarceration at Pinckneyville Correctional Center, specifically, an allegation of failure to protect. Every institutional directive from the facility—which cover a broad range of topics—will not be relevant to this matter.

The Court agrees that this RFP as presented is overbroad. If, during the course of discovery and motion practice, the defendants come across directives that are relevant, then they will be under an obligation to Plaintiff to tender that information as a supplement to prior discovery. *See* Fed. R. Civ. P. Rule 26(e)(1).

## Disposition

Plaintiff's Motion for an Order to Compel Discovery (Doc. 52) is **DENIED** as **MOOT**. Plaintiff's Supplementary Motion to Compel (Doc. 57) is entirely duplicative of the Motion to Compel that was discussed above, with the sole exception that it removes a contention of RFP 1. It will be **DENIED** as **MOOT** because of the substantively duplicative nature. Defendants' Motion to File Instanter a Response (Doc. 58) to the Supplementary Motion will also be **DENIED** as **MOOT**. These denials serve the purpose of cleaning up the docket sheet, but the Court substantively reviewed the contents of the pleadings in the interest of thoroughness.

Plaintiff's Motion for an Order Compelling Specific Disclosures or Discovery (Doc. 53) is **GRANTED** in part, and **DENIED** in part as follows:

Plaintiff's requests as to interrogatories 1-7 and 10-13 are **DENIED**.

Plaintiff's requests as to interrogatories 8 and 9 are **GRANTED** in **PART**. The Defendants shall supply an answer based solely on personal recollection.

Plaintiff's requests as to RFPs 1 and 4-6 are **DENIED**.

Plaintiff's request as to RFP 3 is **GRANTED** in **PART**. Defendants shall produce any responsive documents for in camera inspection, or they should file a more specific answer indicating that no such documents are known to exist, which could be supplemented later as necessary.

The parties are directed to comply with the above rulings on discovery. Plaintiff is advised that future motions on discovery disputes shall not be filed until he independently confers with opposing counsel. He also should refrain from filing notices with the Court, such as his Motion to Provide Information (Doc. 59), wherein he states that he sent requests for admission. These types of motions or notices are not appropriate and they will be stricken. Plaintiff's Motion to Provide Information, Doc. 59, is hereby **STRICKEN**.

**IT IS SO ORDERED.**

Dated: June 24, 2022

DAVID W. DUGAN
United States District Judge

Case 3:20-cv-00035-DWD   Document 60   Filed 06/24/22   Page 10 of 10   Page ID #234